3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
10/3/2017 2:46:56 PM
DAVID S. BORUNDA
Rosie Stewart

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

HERITAGE HOTELS & RESORTS
d/b/a HOTEL ENCANTO DE LAS CRUCES,

   Plaintiff,

v.              No. D-307-CV-2017-03164

                Arrieta, Manuel I.

AFFILIATED FM INSURANCE COMPANY d/b/a
FM GLOBAL

   Defendant.

## COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, AND UNFAIR CLAIMS AND TRADE PRACTICES

COMES NOW Plaintiff, Heritage Hotels & Resorts d/b/a Hotel Encanto de Las Cruces ("HH&R") by and through its attorneys, Robles, Rael & Anaya, P.C. (Taylor S. Rahn) brings this complaint for damages as a result of Defendant's breach of contract, bad faith, and unfair claims and trade practices as prohibited by the law of the State of New Mexico. In support of this Complaint, Plaintiff allege the following:

### PARTIES, JURISDICTION AND VENUE

1. HH&R is a New Mexico Corporation, in good standing, with its principal place of business located in Albuquerque, New Mexico.

2. Hotel Encanto de Las Cruces is located in Las Cruces, NM.

3. Affiliated FM Insurance Company (FM Global) is a corporation with its principal place of business in Johnston, RI, providing insurance policies across the United States.



EXHIBIT A

4. This Court has jurisdiction over the subject matter and the parties to the action as Plaintiff's claims arise under the laws of the State of New Mexico, Plaintiff is incorporated in New Mexico and Defendant regularly conducts business in New Mexico.

5. Venue is proper in this Court pursuant to NMSA 1978 § 38-3-1 as the subject property is located in this district and Defendant regularly conducts business within this district.

## FACTS COMMON TO ALL CLAIMS

6. HH&R is a property management company that manages a number of hotel properties, including the Hotel Encanto de Las Cruces ("Hotel Encanto") located in Las Cruces, NM.

7. HH&R signed a Policy with FM Global, effective April 1, 2015, to provide coverage of the Hotel Encanto.

8. Included in the Policy was coverage of damage to real and personal property, loss of business income, and certain extra expenses in the event of a covered loss, including hail damage.

9. On October 3, 2015, a large portion of Hotel Encanto was damaged by a hail storm.

10. Subsequent to the initial hail storm, several additional hail storms hit Las Cruces and inflicted further damage to the Hotel Encanto roof.

11. Further, the hail damage created secondary damage caused by water leaking into the hotel.

12. The hail storm was a covered loss under the Policy.

13. HH&R filed a claim with FM Global immediately following the loss.

14. All paperwork submitted by HH&R indicated there were multiple dates of loss.

15. The claim was assigned to FM Global Adjuster Matthew Witcher.

16. Mr. Witcher conducted several inspections of Hotel Encanto.

17. HH&R timely complied with all of its duties under the Policy, including notifying FM Global of the loss, allowing inspection of the property, and keeping a record of all repair costs and proposed costs.

18. HH&R was required to act quickly to repair the damage in order to prevent further damage.

19. Due to the nature of the damage, it was necessary for Hotel Encanto to replace entire sections of the roof.

20. HH&R was required by law, including local and state regulations, to replace, rather than repair the areas of damage due to the number of layers on the roof, as well as the overall roof design.

21. Further, HH&R was required to modify the drainage plans for the roof.

22. Again, these actions were taken to comply with applicable law.

23. FM Global has represented to HH&R that the replacement rather than repair of certain roof damage, as well as modification for drainage, are improvements to the original roof design, rather than necessary repairs.

24. Accordingly, FM Global has grossly undervalued the covered costs of repair.

25. Furthermore, FM Global has unreasonably disputed the origin of certain damage by claiming HH&R employees created some of the hail damage.

26. Weather reports and photographs clearly demonstrate the timing and cause of the damage to the Hotel Encanto roof.

27. Given the delay caused by FM Global's mismanagement of the claim and ongoing discussions by the parties, HH&R requested an agreement to toll the two year period set forth in the Policy in which to complete reconstruction in order to be compensated at replacement cost.

28. FM Global failed to respond to this request.

29. Further, FM Global has refused to acknowledge there are multiple dates of loss impacting this property, and thus, multiple dates by which repairs must be implemented.

30. HH&R also requested an extension of the Policy requirement that legal action be initiated within two (2) years of loss.

31. FM Global wholly failed to respond to this correspondence as well.

32. HH&R remains unable to completely restore, repair and rebuild its damaged property because of repeated delays by FM Global and its repeated refusals to accept reasonable estimates and bids to restore the property as required by law.

33. Further, HH&R has not been fairly compensated for required repairs already completed.

34. FM Global has intentionally and willfully delayed the claims process and refused to acknowledge multiple dates of loss to prevent paying HH&R repairs at replacement cost.

### Count I – Bad Faith

35. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

36. FM Global has a duty as an insurer to deal fairly with its policyholder.

37. Fair dealing means to act honestly and in good faith in the performance of the contract.

38. FM Global has a duty to act reasonably in deciding whether to pay a claim.

39. FM Global has a duty to conduct a timely and fair investigation and evaluation of claims submitted by its insureds.

40. FM Global failed to conduct a fair investigation and evaluation of this claim by refusing to pay for required repairs to the Hotel Encanto roof.

41. FM Global failed to conduct a fair evaluation of this claim by refusing to acknowledge mandatory building code requirements and refusing to adjust its bid to cover code upgrades as required by the Policy.

42. FM Global has refused to acknowledge multiple dates of loss.

43. FM Global has continued to intentionally and willfully delay the claims process to make it impossible to comply with the two year rebuilding requirement contained in the policy and avoid paying for repairs and reconstruction at replacement cost.

44. As a result of FM Global's bad faith, Plaintiff has been unable to complete repairs of Hotel Encanto, and has suffered financial damages, as well as damages to reputation and brand.

## Count II – Breach of Contract

45. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

46. A policy of insurance is a contract.

47. In New Mexico there exists a covenant and a duty of good faith and fair dealing in every insurance contract.

48. Under the Policy, FM Global is obligated to pay for covered losses at replacement cost if repairs or replacement takes place within two years of a loss.

49. FM Global failed to pay or agree to pay reasonable replacement costs based on third-party estimates.

50. FM Global has refused to evaluate the repairs necessary to comply with applicable law as required by the Policy.

51. Upon information and belief, FM Global intentionally delayed the adjustment of this loss to make compliance within the two year period impossible.

52. FM Global committed a material breach of the insurance contract by failing to pay the replacement costs that would allow Plaintiff to rebuild and by making it impossible to repair and rebuild the property within the timeframe specified in the policy.

53. As a result of FM Global's intentional, willful, wanton and malicious breach of contract, Plaintiff has suffered damages including, but not limited to, loss of business, loss of income, unnecessary expenses, and attorneys' fees and costs.

54. As a result of FM Global's conduct, Plaintiff is entitled to an award of actual and punitive damages as well as an award of attorneys' fees and costs.

### Count III – Unfair Trade Practices

55. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

56. FM Global is a corporation engaged in trade or commerce that offers its goods and services to citizens of the State of New Mexico, including Plaintiff.

57. FM Global has willfully engaged in unfair and deceptive trade practices including, but not limited to, failing to deliver the quality or quantity of goods or services contracted for.

58. In particular, the services Plaintiff has received with regard to adjustment of its claim are grossly disparate from those described in the Policy.

59. As a result of FM Global's unfair and deceptive trade practices, Plaintiff has suffered actual damages and incurred attorneys' fees and costs.

60. As a result of FM Global's conduct, Plaintiff is entitled to an award of actual damages, and up to three times actual damages, as well as attorneys' fees and costs pursuant to NMSA 1978 § 57-12-10.

**WHEREFORE,** Plaintiff prays that Judgment be entered in its favor and against the Defendant in a reasonable sum to be determined by a jury at trial as allowed under New Mexico

law and for punitive damages against Defendant, as well as attorneys' costs and fees, prejudgment and post-judgment interest and any and all other appropriate relief.

                              Respectfully submitted,

                              ROBLES, RAEL & ANAYA, P.C.

By:    */s/ Taylor S. Rahn*
       Taylor S. Rahn
       Attorneys for Plaintiff
       500 Marquette Ave., NW, Suite 700
       Albuquerque, New Mexico 87102
       (505) 242-2228
       (505) 242-1106 (facsimile)
       taylor@roblesrael.com